# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:14-CV-00034-RLV-DCK

LEO O. SINGER, JR.**,**        )
           )
       Plaintiff,        )
           )
    v.         )      **ORDER**
           )
NANCY A. BERRYHILL**,**      )
Acting Commissioner of Social Security,  )
           )
       Defendant.      )
_____)

**BEFORE THE COURT** is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. 28). The Commissioner responded (Doc. 31), to which Plaintiff replied (Doc. 32). The Commissioner raised two independent arguments in its opposition to Plaintiff's Motion for Attorney's Fees. (Doc. 31). First, the Commissioner contends that its position was substantially justified. (Doc. 31 at 2). Second, and alternatively, the Commissioner contends that even if its position was not substantially justified, the fees requested in Plaintiff's Motion are excessive. (Doc. 31 at 6).

The parties do not dispute the fact that Plaintiff is the prevailing party. When the court remands under Sentence Four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has the burden of showing that its position was substantially justified. *United States v. 515 Granby, LLC,* 736 F.3d 309, 314 (4th Cir.2013). Substantial justification does

not require the position to be correct but may be substantially justified if a reasonable person could think it correct. *See Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988). "The government can defeat a claim for attorney's fees by showing that its position had a reasonable basis in both fact and law." *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991).

"[T]he Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (alteration in original) (quoting *Pierce*, 487 U.S. at 566 n. 2). While a Magistrate's recommendation is a permissible factor for consideration in determining the reasonableness of the Government's litigation position, the recommendation is not determinative. *Holcomb v. Comm'r of Soc. Sec. Admin.*, No. 8:13-cv-02066-JMC, 2016 WL 6068022, at *2 (D.S.C. Oct. 17, 2016) (noting that a recommendation for affirmance is a factor weighing in the Government's favor) (citing *McKoy v. Colvin*, No. 4:12-cv-1663-CMC-TER, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013). *But see United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992) (holding that the decision of an intermediate judge is not determinative of a finding of reasonableness).

Reviewing the Honorable David C. Keesler's Memorandum and Recommendation (the "M&R") (Doc. 22) *de novo* pursuant to 28 U.S.C. 636(b)(1) (2012), this Court determined that the Administrative Law Judge ("ALJ") failed to explain any connection between the Plaintiff's headaches and the impact of those headaches on the Plaintiff's residual functional capacity ("RFC"). (Doc. 26, at 3). Because the ALJ determined that Plaintiff's headaches constituted a "severe impairment" (Doc. 26, at 2), the ALJ was required to do a function-by-function analysis to determine what, if any, limitations this impairment created with respect to the Plaintiff's RFC. *See Mascio v. Colvin*, 780 F.3d 632, 635–636 (4th Cir. 2015); SSR 96-7p (requiring "the adjudicator . . . to make a finding about the credibility of the individual's statements about the

symptoms(s) *and its functional effects*" following the determination that an impairment exists) (emphasis added). The ALJ's failure to conduct this analysis constituted an error of law that must necessarily outweigh any weight given to the M&R. Thus, the Government's litigation was not substantially justified, and the Plaintiff is entitled to reasonable attorney's fees under the EAJA.

The Plaintiff has requested attorney's fees of $8,630.44 based on 45.5 hours of work at $189.68 per hour. (Doc. 28, at 2–4). The Government has requested that, if this Court determines that its litigation position was not substantially justified, the award of attorney's fees be reduced by "at least five hours." (Doc. 31, at 6–7). The experience of this Court has shown that the prosecution of a Social Security claim typically requires twenty-to-forty hours of work, and only exceeds that amount of time in atypical cases. *See, e.g.*, *Gibson v. Colvin*, 2015 U.S. Dist. LEXIS 20676, at *3 (E.D.N.C. 2015) (46.3 hours compensable where administrative record exceeded 1,000 pages); *Brandon v. Colvin*, 2015 U.S. Dist. LEXIS 20675, at * 4 (E.D.N.C. 2015) (23.5 hours compensable); *Harlan v. Colvin*, 2014 U.S. Dist. LEXIS 56492, at *6 (W.D.N.C. 2014) (thirty-two hours compensable); *Gibby v. Astrue*, 2012 U.S. Dist. LEXIS 108177, at *14 (W.D.N.C. 2012) (recognizing twenty to forty hour convention); *Dixon v. Astrue*, 2008 U.S. Dist. LEXIS 9903, at *12 (E.D.N.C. 2008) (25.23 hours of attorney time compensable). *Accord Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases shows an average range of twenty to forty hours).

The administrative record in this case does not exceed 1,000 pages, however, it is greater than 800 pages. (Doc. 8, 8-1 through 8-10). Plaintiff's counsel, however, has failed to include detailed descriptors for a significant amount of the work performed in his Affidavit in Support of Plaintiff's Motion for Attorney's Fees (Doc. 28-1), which makes it difficult for this Court to determine if the requested fees in excess of forty hours are reasonable. For example, Plaintiff's

counsel reported 4.2 hours for "begin review of record," 2.6 hours for "continued review of record and research," 7.5 hours for "continued drafting memorandum, research," and so on. (Doc. 28-1, at 3). By broadly categorizing significant portions of billable time with the supplement "research" without any further descriptors, Plaintiff's counsel has made it difficult to determine if he expended time in this action reasonably.

This Court will not, however, micromanage counsel's time by engaging in a line-by-line review to determine whether the fee request is reasonable. *Yates v. Colvin*, 2015 U.S. Dist. LEXIS 33460, at *5 (E.D.N.C. 2015); *Quade ex rel. Quade v. Barnhart*, 570 F. Supp.2d 1164, 1167-1168 (D. Ariz. 2008). Plaintiff's counsel obtained a favorable outcome for his client, did so in a case with an administrative record exceeding 800 pages, and is, according to a sworn affidavit, one of the few attorneys—if not the only attorney—in the Boone area that provides representation in the federal court system to claimants in Social Security litigation from nine counties in the northwest corner of North Carolina. These factors do guide this Court to exercise some favorable discretion toward Plaintiff. Therefore, while this Court, in its discretion, will reduce the award to Plaintiff in order to bring it more in line with the twenty-to-forty hour convention, it will reduce the amount by the minimum five hours requested by the Government. Thus, Plaintiff is entitled to attorney's fees pursuant to the EAJA for 40.5 hours of work at $189.68 per hour for a total of $7,682.04.

Pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 1251 (2010), these attorney's fees are payable to Plaintiff as the prevailing party and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of this Order, the Commissioner of Social Security ("Commissioner") determines that Plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor

Plaintiff's March 2014 signed assignment of EAJA fees (Doc. 28-2), providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff.  If, however, Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any remaining attorney's fee to Plaintiff's counsel in accordance with the above agreement.

**IT IS, THEREFORE, ORDERED THAT** Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 28) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

(1) Plaintiff's Motion is **GRANTED** to the extent he seeks his reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d);

(2) the Plaintiff's Motion is **DENIED** to the extent his claimed attorney's fees are unreasonable, and to cure the unreasonableness of Plaintiff's claim, the Court in its discretion reduces the claim by five hours to a total of 40.5 hours; and

(3) the Commissioner shall pay to Plaintiff reasonable attorney's fees in the amount of $7,682.04.

**SO ORDERED**.

Signed: May 31, 2017

Richard L. Voorhees
United States District Judge